

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2006

# Jackson v. Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-9012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jackson v. Carroll" (2006). *2006 Decisions.* Paper 1165.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1165

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-9012
_____

ROBERT W. JACKSON, III,
Appellant

v.

THOMAS CARROLL, Warden[1]
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 01-cv-00552)
District Judge: Honorable Sue L. Robinson
_____

Before: MCKEE, RENDELL and GREENBERG, Circuit Judges.

(Filed May 2, 2006)

_____

OPINION
_____

PER CURIAM

    As the parties are familiar with the background of this capital case, we need not set it forth here. For present purposes it is sufficient to note that on December 20, 2005, we denied Jackson's application for a certificate of appealability. See Jackson v. Carroll,

_____

[1] Amended - See Clerk's Order dated January 6, 2005.

2005 WL 3477556.  The mandate issued on January 12, 2006.  On March 14, 2006, the United States Supreme Court granted Jackson an extension of time – until May 19, 2006 – to file a petition for a writ of certiorari.  May 19, 2006, is also the date for which his execution has been scheduled.

Meanwhile, the Office of the Federal Community Defender has entered an appearance in the Supreme Court and is evidently preparing Jackson's certiorari petition.  Accordingly, Jackson has filed a motion to recall the mandate and for stay of execution "to allow full and fair review of the certiorari proceedings." In support thereof, he argues that the motion should be granted to prevent an injustice.  Jackson explains that the only reason why the execution date was set as early as May 19, 2006, is that after we denied his request for a certificate of appealability, counsel – Thomas M. Foley, Esq. – erroneously represented in state court that Jackson would not pursue further litigation.

**I**

"Issuance of the mandate formally marks the end of appellate jurisdiction." Johnson v. Bechtel Associates Professional Corp., D.C., 801 F.2d 412, 415 (D.C. Cir. 1986); see United States v. Jerry, 487 F.2d 600, 607 (3d Cir. 1973).  As a result, we cannot rule on the motion to stay execution unless we recall the mandate.

The Supreme Court has explained that although "the courts of appeals are recognized to have an inherent power to recall their mandates, subject to review for an abuse of discretion . . . the power can be exercised only in extraordinary circumstances . .

2

. [and] is one of last resort, to be held in reserve against grave, unforeseen contingencies."

Calderon v. Thompson, 523 U.S. 538, 549-550 (1998) (citations omitted). Moreover, in

federal habeas corpus proceedings courts should consider "not only . . . standards of

general application, but also . . . the statutory and jurisprudential limits applicable in

habeas corpus cases." Id. at 553.[2]

The reason Jackson gives for recalling the mandate amounts to little more than the

need for more time to prepare his certiorari petition and, as such, plainly fails to meet the

standard for recalling the mandate. Even assuming that Foley's misstatement in state

court, resulting in the May execution date, qualifies as a "grave, unforeseen contingency,"

recalling the mandate is far from a "last resort" in this context. Jackson has been granted

an extension of time by the Supreme Court and can seek a stay of execution from that

Court. When the normal avenue of relief is not only available but pending, there is no

need to resort to extraordinary means.[3]

---

[2] Thus, the Court went on to hold that "where a federal court of appeals sua sponte recalls its mandate to revisit the merits of an earlier decision denying habeas corpus relief to a state prisoner, the court abuses its discretion unless it acts to avoid a miscarriage of justice as defined by our habeas corpus jurisprudence." Calderon v. Thompson, 523 U.S. 538, 558 (1998).

[3] Jackson notes that in Holloway v. Horn, C.A. Nos. 01-9009 & 9010, we recalled the mandate to give the Commonwealth an opportunity to pursue a certiorari petition. However, in Holloway, the Commonwealth had not filed a certiorari petition when it asked us to recall the mandate. Our order granted the motion to recall the mandate pursuant to Fed. R. App. P. 41(b) in order "to give the Commonwealth an opportunity to file a timely Petition for Certiorari." See Order dated April 21, 2004. By contrast, Jackson is already pursuing a petition for a writ of certiorari. The other cases cited by Jackson are similarly different. See Hercules Inc. v. United States, 309 F.3d 781 (Fed.

3

**II**

For the foregoing reasons we deny Jackson's motion to recall the mandate. Accordingly we lack jurisdiction to rule on his motion to stay execution and, therefore, dismiss that motion without prejudice to his filing another stay motion in the Supreme Court.

TO THE CLERK:

Please file the foregoing opinion.

---

Cir. 2002) (granting motion to allow appellant to file certiorari petition where appellant had shown good cause and appellee had given conditional consent); United States v. Hinds, 2002 WL 32076932 (4th Cir. 2002) (granting motion to allow appellant to file petition for rehearing and certiorari petition where appellant had shown "extraordinary circumstances"). Neither decision involved federal habeas corpus proceedings.